**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JPMorgan Chase Bank, N.A.,

      Plaintiff,

    vs.                   Case No. 2:06-cv-0095

Neovi, Inc., a/k/a Neovi      JUDGE GRAHAM
Data Corporation,

      Defendant.

**<u>OPINION AND ORDER</u>**

    This matter is before the court on Defendant Neovi, Inc.'s ("Neovi") Objections to the Magistrate Judge's Order of May 22, 2007. In that order, Judge Kemp granted Plaintiff JPMorgan Chase Bank's ("Chase") Second Motion for Sanctions. Judge Kemp ordered Neovi to pay Chase's reasonable attorney's fees and expenses incurred in connection with the second motion for sanctions and denied, as a discovery sanction, Neovi's motion to dismiss for lack of personal jurisdiction. Neovi contends that Judge Kemp did not conduct the requisite analysis as provided by the Sixth Circuit and this court prior to selecting the appropriate sanction to impose under Rule 37. It further contends that Judge Kemp erred by failing to address its motion for change of venue, which was asserted as an alternative to its motion to dismiss for lack of personal jurisdiction. Concurrent with the filing of its objections to the order, Neovi also filed a motion to stay the portion of Judge Kemp's order directing it to file its answer to Chase's complaint within ten (10) days of the order. This court granted Neovi's motion to stay pending its adjudication of Neovi's objections.

**Standard of Review**

When reviewing a party's objections to a magistrate judge's nondispositive, pretrial order, "[t]he district judge . . . shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  However, when reviewing a magistrate judge's decision on a dispositive motion, the district judge "shall make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ."  Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1)(C).  Because the discovery sanction imposed by Judge Kemp includes not only a monetary sanction, but also the denial of a dispositive motion to dismiss, the court will apply the de novo standard of review.

**Background**

The prior orders of this court describe at length the history of the case and the underlying discovery dispute between the parties.  The court therefore will provide a brief description of the background and state only those facts relevant to this court's review of Neovi's objections.  At the time of the filing of Chase's complaint, Neovi operated an Internet check service known as Qchex which allowed individuals to transmit checks to third parties.[1] The check service would sometimes result in the actual issuance and transmission of a printed check which was then treated as a check signed directly by the Qchex customer.  Chase contends that it

---

[1] Judge Kemp noted in his Order of May 22, 2007, that Neovi is no longer operating the Qchex service.

debited several of its customers' accounts for checks issued by Neovi, but later discovered that the checks were issued without the authority of Chase's customers. Chase filed this lawsuit seeking to recover the losses it allegedly sustained as a result of the fraudulent checks created through the Qchex service.

In response to the complaint, Neovi filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to change venue. Prior to filing its response to the motion, Chase sought leave to conduct discovery regarding the personal jurisdiction issue raised by Neovi. Judge Kemp, without objection from Neovi, granted Chase's request. Chase then served written discovery seeking to obtain information regarding Neovi's contacts with the State of Ohio and Ohio residents. This dispute, which has been ongoing for more than one year, has arisen as a result of Neovi's failure to provide the requested discovery.

After unsuccessful extrajudicial attempts to resolve this dispute, Chase filed its first motion for sanctions and/or to compel discovery on September 15, 2006. In that motion, Chase requested that Neovi be precluded from disputing that it was subject to the court's personal jurisdiction or, alternatively, that the court direct Neovi to produce its database containing the relevant information. Chase also requested an award of counsel fees and costs incurred in the discovery dispute.

Upon finding that Neovi had "willfully violated its obligation to act in a responsible fashion in providing discovery on the personal jurisdiction issue raised by its own motion," Judge Kemp issued an order on November 14, 2006 ("November 2006 Order") granting Chase's motion to compel and imposing monetary sanctions.

Op. and Order, Nov. 14, 2006, at 9.  The order directed Neovi to provide Chase with "those portions of its database which would allow Chase to obtain information concerning whether any customers, payees, or others utilizing Neovi's Qchex system provided Neovi with Ohio addresses." Id. at 13.

In the November 2006 Order, Judge Kemp also imposed monetary sanctions against Neovi.  He declined to impose the more severe sanction of precluding Neovi from proceeding on its motion to dismiss for lack of personal jurisdiction, but expressly cautioned Neovi that if the database proved incomplete or did not contain the information ordered by the court, Judge Kemp would consider imposing the sanction of preclusion.  As a lesser sanction, Neovi was ordered to pay Chase's costs and expenses, including reasonable attorney's fees, incurred in 1) obtaining supplemental responses to its first set of interrogatories; 2) arranging and taking the deposition of Neovi's Chief Operating Officer, Mr. James Danforth; and 3) briefing and filing its motion to compel.  Judge Kemp set forth the procedure for Chase to submit its expenses and for Neovi to respond with any objections to Chase's submission.  After briefing was completed, Judge Kemp entered an order on March 12, 2007 ("March 2007 Order"), which awarded Chase $22,370.75 in expenses and attorney's fees.

The March 2007 Order not only determined the appropriate amount of expenses and fees to be awarded, but also addressed Chase's second motion for sanctions, which was filed on January 2, 2007.  Chase contended in the second motion for sanctions that, despite the November 2006 Order, Neovi only produced "two database files that [were] deficient on their face, containing no

4

information on payor addresses, incomplete information on payee addresses, and no credit card address information." Mem. in Supp. of Pl.'s Second Mot. for Sanctions, Jan. 2, 2007, at 1.  Neovi argued in response that the information Chase was seeking did not exist.  Specifically, Neovi stated that everything that it had that was responsive to Chase's discovery requests had been produced, that nothing had been held back, and that there was nothing more to produce.  Def.'s Mem. in Opp. to Pl.'s Second Mot. for Sanctions, Jan. 16, 2007, at 1.  Both Chase and Neovi suggested in their submissions to the court that an evidentiary hearing would be useful in resolving the dispute.  Judge Kemp agreed that a hearing would assist the court in determining whether Neovi had complied with the November 2006 Order and directed the clerk to set a date.

Prior to concluding the March 2007 Order, however, Judge Kemp reiterated the intent of the court's November 2006 Order.  Judge Kemp stated that "[t]he Court's order granting the motion to compel contemplated that the information provided [in response to that order] would be sufficient to allow Chase to have access to all information currently held by Neovi concerning whether payors, payees, financial institutions, or credit card customers had provided Neovi with Ohio addresses."  Order, Mar. 12, 2007, at 5. Judge Kemp explained that it was the court's intent "that Neovi provide to Chase any and all information in its possession concerning Ohio addresses of users of Neovi's services in whatever form that information was maintained."  Id. at 6. Judge Kemp again specifically warned Neovi that if it possessed additional databases with the requested information that had not been produced, it would appear that Neovi was not in compliance with the court's November

5

2006 Order and that it should provide those to Chase prior to the hearing.

On April 30, 2007, Judge Kemp held the evidentiary hearing to determine whether the requested information and databases containing such information existed and had been produced. As a result of the hearing, Judge Kemp issued an order on May 22, 2007 ("May 2007 Order"), in which he summarized the testimony from the hearing of Mr. Danforth and one of Neovi's software engineers, Mr. Kevin Goslar. Judge Kemp learned from the testimony that Neovi did possess additional information, at a minimum, about both payees and financial institutions with Ohio addresses. Despite two court orders requiring such, this information had not been produced to Chase as of the date of the hearing. Judge Kemp also determined that "Neovi may well have destroyed information about its own customers (or payors) who had given Neovi Ohio addresses, even after Neovi filed its motion to dismiss for lack of personal jurisdiction." Order, May 22, 2007, at 2. Finally, Judge Kemp stated that it became apparent during the hearing that "Neovi not only did not provide the information initially requested from it by interrogatories propounded more than a year ago, but it has yet to make a good faith effort to attempt to locate and provide that information to Chase." Id. Having made these findings, Judge Kemp granted Chase its reasonable attorney's fees and expenses incurred in connection with the second motion for sanctions and denied Neovi's motion to dismiss for lack of personal jurisdiction. It is on the basis of this record that the court will determine the merit of Neovi's objections to the May 2007 Order.

## Discussion

### I.

The Federal Rules of Civil Procedure expressly authorize a court to impose sanctions for a party's failure to comply with its discovery obligations. Rule 37(b)(2) provides in pertinent part:

> If a party or an officer, director, or managing agent of a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> * * *
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2). In selecting an appropriate sanction under Rule 37, a court may properly consider both punishment and deterrence. Bratka v. Anheuser-Busch, 164 F.R.D. 448, 459 (S.D. Ohio 1995)(citing Nat'l Hockey League v. Metro. Hockey Club, 427

7

U.S. 639, 643 (1976); <u>Patton v. Aerojet Ordnance Co.</u>, 765 F.2d 604, 607 (6th Cir. 1985)).  The burden of proof is on the sanctioned party to establish that its failure to comply was due to "inability and not to willfulness, bad faith, or any fault of the party." <u>Bratka</u>, 164 F.R.D. at 460.  Fault, in this context, includes gross negligence.  <u>Id.</u>

Prior to imposing the severe sanction of issue preclusion under Rule 37, a court should consider the three factors enumerated by the Sixth Circuit in <u>Taylor v. Medtronics, Inc.</u>, 861 F.2d 980, 986 (6th Cir. 1988).  Those factors are: (1) whether the adversary was prejudiced by the sanctioned party's failure to cooperate in discovery; (2) whether the sanctioned party was warned that failure to cooperate could lead to dismissal; and (3) whether less drastic sanctions were imposed or considered.  <u>Bratka</u>, 164 F.R.D. at 460 (citing <u>Taylor</u>, 861 F.2d at 986).  The court has conducted a de novo review and concludes that Judge Kemp properly considered each of these factors in determining an appropriate sanction under Rule 37.

As a threshold matter, the court finds that Neovi has not met its burden of proving that sanctions should not be imposed because it was unable to comply with the court's orders or with its discovery obligations generally.  Indeed, Neovi has not even made such an argument.  The court agrees with Judge Kemp's determination that Neovi willfully violated its obligations to engage in discovery in a responsible manner and that, despite the court's orders, it has "deliberately and stubbornly refused to produce the most basic information about its Ohio contacts."  Order, May 22, 2007, at 8-9.  Further, Judge Kemp found that Mr. Danforth, on

8

behalf of Neovi, either "deliberately or recklessly" failed to undertake meaningful steps to ensure that Neovi was in compliance with the court's order.  Id. at 8.  The court, therefore, finds that Judge Kemp properly determined that Neovi's conduct exhibited the requisite degree of fault to impose more severe sanctions under Rule 37(b)(2).

Neovi does not dispute that it was warned that its conduct could lead to severe sanctions.  Judge Kemp cautioned Neovi in both the November 2006 and March 2007 Orders that if it persisted in its conduct, the court would consider imposing more severe sanctions. Indeed, Judge Kemp stated in the November 2006 Order:

> Should the database prove incomplete or should it have been altered in such a way, either intentionally or otherwise, to prevent Chase from obtaining sufficient information on Neovi's Ohio contacts to make a meaningful response to the motion to dismiss, the Court will consider at that time whether an additional sanction of preclusion is warranted.

Order, Nov. 14, 2006, at 12-13.  After Chase filed its second motion for sanctions, Judge Kemp reminded Neovi in the March 2007 Order that it was the court's intent in the earlier order that Neovi provide to Chase any and all information in its possession concerning its contacts with Ohio.  Judge Kemp warned:

> If Neovi does have additional databases with such information or additional ways in which to access that information, it would appear that its failure to provide the information directly violates the Court's [November 2006] order. . . . Pending the hearing, if Neovi does have additional information it can produce or can generate from its databases which would be more responsive to the Court's order, it should do so.  Should the Court determine at the hearing that Neovi had the capability to comply more fully with the order but either chose not to, or chose not to make a diligent inquiry into whether its databases contained additional

information responsive to Chase's inquiry, sanctions may
well be imposed.

Order, Mar. 12, 2007, at 6-7.  Neovi was well aware that its
failure to cooperate in discovery could result in more severe
sanctions.  Judge Kemp had previously imposed monetary sanctions in
the November 2006 Order.  Despite these cautions from the court,
however, Neovi persisted in the conduct which necessitated the
imposition of additional sanctions.

Neovi incorrectly contends that Judge Kemp did not consider
the first and the third <u>Taylor</u> factors prior to imposing sanctions.
Neovi argues that the May 2007 Order did not address whether Chase
was prejudiced by the alleged failure to provide discovery.  Yet,
it is clear that Judge Kemp did conclude that Neovi's discovery
misconduct prejudiced Chase.  Judge Kemp determined that more than
one year after Neovi filed its motion, Chase still did not have all
the information in Neovi's possession concerning Neovi's Ohio
contacts, despite the service of written discovery, several
informal discovery conferences, a deposition, two motions to compel
and a court order.  Judge Kemp further found that Neovi has likely
destroyed much of the relevant information.  Judge Kemp stated:

> There is absolutely no reason why Chase should be put to
> any more effort and expense in trying to frame a
> meaningful response to the motion to dismiss.  Neovi has
> deliberately and stubbornly refused to produce the most
> basic information about its Ohio contacts and <u>has likely</u>
> <u>destroyed much of that information after it put those</u>
> <u>contacts directly at issue.</u>  It is hard to conceive of a
> set of circumstances where harsh sanctions are more
> appropriate.

Order, May 22, 2007, at 8 (emphasis added).  Judge Kemp's
consideration of both Neovi's repeated failure to produce the
requested and court-ordered discovery and the likely spoliation of

10

responsive information is sufficient to indicate to this court that he weighed the prejudice caused to Chase prior to imposing sanctions.

Further, the court notes that in addition to arguing that Judge Kemp did not consider whether Chase was prejudiced by the failure to provide discovery, Neovi seemingly argues that Chase was, in fact, not prejudiced by its conduct. Neovi contends that because it produced some, but admittedly not all, of the relevant data files containing Ohio contact information, Chase was not prejudiced because it produced sufficient evidence of its contacts with Ohio for Chase to oppose its motion to dismiss without additional discovery. Neovi argues that the discovery it failed to produce concerned only the frequency of its contacts with Ohio and that Chase was simply requesting more of the same type of evidence. Def.'s Objections to May 22, 2007 Order, June 1, 2007, at 3-4. Consequently, according to Neovi, if the court overrules its objections, the court will sanction it for failing to provide evidence that was merely "cumulative," "repetitive," and not anything of "earth shattering" importance. Id. at 4-5.

Neovi's arguments are not well taken. This court cannot ascertain whether the evidence Neovi failed to produce is cumulative or repetitive as that evidence was never produced. As Judge Kemp noted, Neovi did provide some information to Chase in response to the discovery requests and Chase's subsequent motion to compel, but it did not provide any computer databases containing Ohio addresses until after Judge Kemp granted the motion to compel in the November 2006 Order. In December 2006, Neovi provided Chase with links to websites which contained information relating to

persons who used the Qchex service and produced a compact disc
which contained two tables of information derived from Neovi's
overall database. The first table was a "customer record" which
reflected general customer information, but did not include
information about individual customer transactions. The table
included a field for the customer's address, but many of those
fields were blank because, according to Mr. Danforth, customers
were not required to provide their addresses. The second table
contained information regarding Neovi's credit card customers, but
did not include any address information. Judge Kemp noted,
however, that the address information would have been provided to
Neovi so that the credit card billing could be processed. After
Neovi produced this information, it contended that it had produced
everything in its possession that was responsive to Chase's
discovery requests. Def.'s Mem. in Opp. to Pl.'s Second Mot. for
Sanctions, Jan. 16, 2007, at 1.

Yet, as the evidentiary hearing revealed, Neovi did possess
additional information, at a minimum, about both payees and
financial institutions with Ohio addresses. Instead of producing
its entire database which contained multiple tables with Ohio
contact information, Neovi produced only the two select tables, one
of which had no such information on it. Mr. Goslar, the software
engineer who, pursuant to Mr. Danforth's request, had compiled the
data produced to Chase, explained that all of Neovi's data is
maintained on computer and is manipulable by a program which allows
Neovi to retrieve information in various forms, depending,
importantly, upon the type of information requested. Mr. Goslar
testified that Neovi possessed more information about Ohio contacts

than it had produced, but that he had not been asked to, and did not independently, retrieve that information.  Upon consideration of the testimony, Judge Kemp properly determined that "the individual to whom Neovi delegated responsibility for responding fully to Chase's discovery requests, Mr. Danforth (the same individual whose behavior led directly to the first order awarding sanctions) either deliberately or recklessly failed to undertake any meaningful investigation" about the extent to which various tables within Neovi's database contained Ohio contact information. Order, May 22, 2007, at 7-8.  Consequently, neither Chase nor this court is able to determine whether the evidence which Neovi failed to produce is cumulative or repetitive – as Neovi now characterizes it.

Moreover, while Neovi argues in its objections that the discovery it did produce was sufficient for Chase to respond to its motion to dismiss, unless Neovi concedes, which it nowhere does in its objections, that the evidence it failed to produce also supports a finding that this court does, in fact, have personal jurisdiction, Neovi will not be heard to contend that its failure to provide the court-ordered discovery was not prejudicial to Chase.  Chase was entitled to establish the full extent of Neovi's contacts with Ohio, including the frequency with which Neovi conducted business with Ohio or Ohio residents, as such information is pertinent to a determination of personal jurisdiction.  See, e.g., CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1265 (6th Cir. 1996)(holding that the district court could properly exercise personal jurisdiction over the defendant who "frequently contacted

13

Ohio to sell his computer software" and "repeatedly sent his
'goods' to . . . Ohio").

Additionally, the spoliation of information relevant to the
personal jurisdiction determination is certainly prejudicial to
Chase.  Neovi's admission in another submission to the court that
"it is clear that any pertinent files were deleted long ago,"
confirms Judge Kemp's assessment that the spoliation of relevant
information had likely occurred.  See Def.'s Reply Mem. in Supp. of
Mot. for Stay, June 5, 2007, at 1.  Indeed, Mr. Goslar testified at
the evidentiary hearing that Neovi routinely deletes information
from its database and that Neovi's routine had not changed since
the date that Neovi filed its motion to dismiss for lack of
personal jurisdiction.  Mr. Goslar testified further that he was
never instructed to discontinue routine deletions of information
about Ohio customers or payees or to try to identify Ohio
customers, financial institutions, or payees and to protect their
information from deletion.[2]  This is so despite the fact that Neovi
was fully aware at the time that it filed its motion to dismiss for
lack of personal jurisdiction that it, and not Chase, was the party
with the information pertinent to its contacts with the State of
Ohio and Ohio residents.  Yet, Neovi undertook no efforts to ensure
the preservation of the relevant information and now seeks to
profit from its misconduct.  In light of the foregoing, Neovi
cannot legitimately dispute either that Chase has been prejudiced
by its discovery misconduct or that Judge Kemp failed to consider

_____

[2]The court observes that Mr. Goslar's testimony provided a direct contrast to
the prior testimony of Mr. Danforth.  Mr. Danforth testified during the hearing that
he was not aware that any deletions of information were made after Neovi filed its
motion to dismiss and that he had instructed Neovi's engineers to preserve that
information.  Judge Kemp correctly concluded that Mr. Danforth's testimony was, in
light of the candid testimony of Mr. Goslar, incredible.

14

such prejudice in imposing sanctions as he expressly relied upon these facts in issuing his order.

Neovi also incorrectly argues that there is no indication that Judge Kemp considered whether less drastic sanctions might be imposed. Judge Kemp not only considered, but also imposed, less drastic sanctions prior to denying Neovi's motion to dismiss. In Chase's first motion for sanctions, it requested that the court preclude Neovi from arguing that the court lacks personal jurisdiction. Despite Neovi's willful failure to comply with its discovery obligations, Judge Kemp denied Chase's request to impose such a severe sanction at that stage. Instead, Judge Kemp imposed a monetary sanction for Neovi's conduct and ordered Neovi to produce the database containing the information related to Neovi's Ohio contacts. Yet, despite the imposition of such sanctions, Neovi persisted in its evasive conduct. Judge Kemp determined that Neovi made no meaningful attempt to comply with the court's order.

As the evidentiary hearing revealed, the lesser sanctions which Judge Kemp had previously imposed failed to correct Neovi's intransigence. Judge Kemp concluded that less drastic sanctions would be insufficient in response to Chase's second motion for sanctions because the combination of a prior order compelling discovery and the imposition of monetary sanctions in the amount of $22,370.75 proved insufficient to "cause Neovi to make more than a passing attempt at producing the required information." Order, May 22, 2007, at 9. This court agrees with Judge Kemp's determination that it is difficult "to conceive of a set of circumstances where harsh sanctions are more appropriate." Id. Having considered and imposed lesser sanctions to no avail, Judge Kemp appropriately

denied Neovi's motion to dismiss for lack of personal jurisdiction. Such a sanction is particularly warranted in this case as the denial not only serves the purposes of punishment and deterrence, but also has a direct relationship to the specific evidence Neovi failed to produce – evidence regarding Neovi's contacts with the State of Ohio and Ohio residents.

The court further finds that the monetary sanction Judge Kemp imposed, requiring Neovi to pay Chase its reasonable attorney's fees and expenses incurred in connection with the second motion for sanctions, is similarly authorized under Rule 37(b)(2).  Neovi's failure to provide the complete database containing all of the information to which Chase was entitled, in violation of Judge Kemp's orders, was in no way justified, and therefore warrants the imposition of these sanctions under Rule 37(b)(2).

II.

Having addressed Neovi's objections to Judge Kemp's analysis of the Taylor factors and having found no error in the May 2007 Order, the court further notes that the particular non-monetary sanction chosen – denial of the motion to dismiss for lack of personal jurisdiction, which is, in effect, a finding that this court has personal jurisdiction over Neovi – also satisfies the requirements of due process.  See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982).  In Ins. Corp. of Ireland, the Supreme Court held that Rule 37(b)(2), when properly applied, may support a finding of personal jurisdiction without violating due process.  Id. at 706.  Indeed, in upholding the district court's finding of personal jurisdiction as a discovery sanction under Rule 37(b)(2)(a), the court stated:

16

> [Plaintiff] was seeking through discovery to respond to
> [Defendants'] contention that the District Court did not
> have personal jurisdiction.  Having put the issue in
> question, [Defendants] did not have the option of
> blocking the reasonable attempt of [Plaintiff] to meet
> its burden of proof.  It surely did not have this option
> once the court had overruled [Defendants'] objections.
> Because of [Defendants'] failure to comply with the
> discovery orders, [Plaintiff] was unable to establish the
> full extent of the contacts between [Defendants] and [the
> forum state], the critical issue in proving personal
> jurisdiction. . . . The sanction took as established the
> facts – contacts with [the forum state] – that
> [Plaintiff] was seeking to establish through discovery.

Id. at 708-09.  The court observed that Rule 37(b)(2) contains two standards, a general one and a specific one, which limit a district court's discretion.  Id. at 707.  First, any sanction must be just. Second, the sanction must be specifically related to the particular claim which was at issue in the discovery order with which the party failed to comply.  Id.  When both of these requirements are met, Rule 37(b)(2) may be applied to support a finding of personal jurisdiction without offending due process, because the sanctioned party's conduct supports the presumption that "'the refusal to produce evidence . . . was but an admission of the want of merit in the asserted defense.'"  Id. at 706, 709 (quoting Hammond Packing Co. v. Arkansas, 212 U.S. 322, 351 (1909)).

This court's examination of Judge Kemp's order demonstrates that both of these requirements are satisfied in this case and, consequently, that the Hammond presumption is met.  The denial of the motion to dismiss took as established the facts that Chase was seeking to establish through discovery – Neovi's contacts with Ohio.  That a particular legal consequence – personal jurisdiction over Neovi – follows from this, does not in any way affect the

17

appropriateness of the sanction. <u>See</u> <u>Ins. Corp. of Ireland</u>, 456 U.S. at 709.

III.

In addition to arguing that Judge Kemp did not conduct the requisite analysis prior to imposing sanctions, Neovi also contends that Judge Kemp erred in failing to consider its alternative motion to transfer venue. Neovi's argument is not well taken. Judge Kemp was not required to determine Neovi's motion for change of venue. As discussed, <u>supra</u>, Judge Kemp appropriately considered each of the factors courts employ before imposing more severe sanctions and, on the basis of the record before him, determined that denial of the motion to dismiss was a proper discovery sanction.

Because Neovi raises the issue in its objections, however, the court has reviewed Neovi's alternative motion to change venue. Neovi argues in its motion that "[a]lternatively, if this Court does have personal jurisdiction over the claims asserted in the Complaint, venue is not proper in this District." Def.'s Mot. to Dismiss, Apr. 10, 2006, at 10. Neovi is incorrect. It is precisely because the court has personal jurisdiction over Neovi that venue is proper in this district. Section 1391(a), the statute governing venue when jurisdiction is founded solely on diversity of citizenship, provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time

18

the action is commenced, if there is no district in which
the action may otherwise be brought.

28 U.S.C. § 1391(a). Thus, venue is proper in any of the
enumerated districts. Under § 1391(c), when, as here, the
defendant is a corporation, it is "deemed to reside in any judicial
district in which it is subject to personal jurisdiction at the
time the action is commenced." 28 U.S.C. § 1391(c).

As addressed, supra, Judge Kemp denied Neovi's motion to
dismiss for lack of personal jurisdiction as a discovery sanction
because of Neovi's repeated failure to produce information
regarding its contacts with Ohio and Ohio residents. Neovi's
discovery misconduct prohibited Chase from making a meaningful
response to Neovi's motion to dismiss for lack of personal
jurisdiction. Neovi's misconduct also prevented Judge Kemp from
determining whether this court did, in fact, have personal
jurisdiction at the time the action was commenced. Because Neovi
did not comply with its discovery obligations or its obligations to
this court, the court holds that Judge Kemp's denial of the motion
to dismiss for lack of personal jurisdiction is, as a matter of
law, a determination that this court had personal jurisdiction over
Neovi at the time this action was commenced. Venue is, therefore,
proper under 28 U.S.C. § 1391(a)(1).

In its motion to change venue, Neovi conflated the issues of
whether venue is proper in this district as governed by § 1391 and
whether the court may, in its discretion, transfer venue to a more
convenient forum, as governed by 28 U.S.C. § 1404(a). Further,
after setting forth principles generally applicable to a motion to
transfer venue under § 1404(a), Neovi's only statement in support
of the court transferring venue in this case is that "[h]ere all of

19

these factors come into play." Def.'s Mot. to Dismiss, Apr. 10, 2006, at 12. Neovi's motion did not sufficiently articulate grounds for transfer under § 1404(a) for Judge Kemp to have decided the issue. Additionally, because Neovi never produced the court-ordered discovery related to its motion to dismiss, Chase never had an opportunity to respond to the motion to dismiss or the alternative motion to transfer venue. The court therefore holds that venue is proper in this district under § 1391(a)(1) without prejudice to Neovi's opportunity to appropriately file and brief, if it so chooses, a motion to transfer venue under § 1404(a).

IV.

Finally, Chase requests that the court award the fees and expenses it incurred in opposing Neovi's objections. Chase directs this court to other appellate courts' holdings in this context; however, the Sixth Circuit has stated that Rule 37 does not authorize sanctions for expenses related to opposing a motion for reconsideration. Youn v. Track, Inc., 324 F.3d 409, 421-22 (6th Cir. 2003)(citing Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group, 55 F.3d 463, 467 (9th Cir. 1995)). As Neovi's objections are, in effect, a request for this court to reconsider Judge Kemp's award of sanctions, Chase's request is denied.

**Conclusion**

For the foregoing reasons, the court hereby **OVERRULES** Neovi's objections to Magistrate Judge Kemp's order of May 22, 2007. Having conducted a de novo review of the matters raised by Neovi's objections, the court adopts the recommended sanction. Neovi shall file its answer to the complaint within ten (10) days.

**IT IS SO ORDERED.**


Date: July 9, 2007                    /s/  James  L.  Graham
                                      James L. Graham
                                      United  States  District  Judge

21